# N. B. K. PETTINGILL

*v.*

# MANUEL ZENO GANDIA.

---

Ponce, Law, No. 467.

Federal Court of Porto Rico—Proceedings in English.

    1. Attorneys have not the right under the rules of court to address the jury in Spanish.

Same—Discretion of Court.

    2. The court has the discretion to allow counsel to address the jury in Spanish under special circumstances, provided the address

is translated into English by the official interpreter as counsel proceeds.

Opinion filed March 13, 1915.

*Messrs. Willis Sweet* and *Joseph Anderson, Jr.,* for plaintiff.

*Messrs. H. H. Scoville* and *Antonio Castro* for defendant.

HAMILTON, Judge, delivered the following opinion:

Application is made by Antonio F. Castro for leave to address the jury in Spanish in this case.

1. The organic act of Porto Rico, § 34, which contains the law as to this court, distinctly says that "all pleadings and proceedings in said court shall be conducted in the English language." Rule 54 of this court is silent upon the point, but it succeeds old rule 11, which expressly authorizes such Spanish address if translated. I do not think that the omission of the provision on the subject is to be considered as denying the right of the court to grant permission in proper cases. It is possible that it should be construed to mean that it is no longer to be considered a right on the part of attorneys to address the jury in Spanish, as apparently contemplated by the old rule. But, even if so, it goes no further, and would leave the matter open for decision on the merits whenever it may be presented.

2. In the case at bar the application is made directly on the ground that the attorney in question has been only recently employed in the case, and on account of the ill health of his

Pettingill v. Gandia.

associate, the leading attorney up to the present, he has the burden of conducting the case, and that it has been impossible for him to prepare to address the jury satisfactorily in English, which is not his native language. The court has in this case postponed the hearing until the present in order to allow the defendant to make proper arrangements as to counsel, either by the hoped-for full restoration of Mr. Scoville or by the employment of other counsel. It is possible that arrangements could have been made earlier, but under the circumstances the court is not inclined to scrutinize the matter too closely. No doubt all were in hopes that the previous leading counsel would be fully restored to health. Upon the whole it would seem that it is a proper case to exercise discretion in the matter, and Mr. Castro will be permitted to address the jury in Spanish, provided that the official interpreter translates his address contemporaneously, sentence by sentence, so that the spirit and purpose of the law requiring the proceedings to be in English may be carried out.

This, however, is not to be considered as re-establishing the old rule. In the earlier history of this court such a practice was more needed than at present, after fifteen years of American sovereignty and schools, and it is now to be considered rather a matter of judicial discretion than of personal right. In the case at bar the discretion of the court is aided by the fact that this case is an old one begun under the old rules, and even the trial which the present takes the place of was under the old rules.